# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: May 14, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| NIYI ALAOFIN, as Parent and Natural | * | Case No. 13-128V |
| Guardian, of his daughter, O.A., | * | Special Master Dorsey |
| | * | |
| Petitioner, | * | |
| | * | Petitioners' Motion for Dismissal |
| v. | * | Decision; Insufficient Proof of |
| | * | Causation; Diphtheria-Tetanus- |
| SECRETARY OF HEALTH | * | Acellular-Pertussis (DTaP), Hepatitis |
| AND HUMAN SERVICES, | * | B (Hep B), Haemophilus Influenzae |
| | * | Type b (Hib), Inactivated Polio |
| Respondent. | * | Vaccine (IPV); myoclonic |
| | * | encephalopathy; developmental |
| * * * * * * * * * * * * * * * * * * * * * * * * | | delay; seizures. |

Anne Carrion Toale, Maglio, Christopher & Toale, PA, Sarasota, FL, for Petitioner.
Lisa Ann Watts, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On February 19, 2013, Niyi Alaofin ("petitioner") filed a petition for compensation on behalf of his minor daughter, O.A., under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that O.A. developed a "myoclonic encephalopathy, severe developmental delay and seizures," as a result of receiving the diphtheria-tetanus-acellular pertussis ("DTaP") vaccine, hepatitis B ("Hep B") vaccine, haemophilus influenza type b ("HIB") vaccine, inactivated polio vaccine ("IPV"), and rotavirus vaccine on "May 1, 2010." See Petition at ¶¶ 2-4. Petitioner also alleged that O.A.'s seizures were exacerbated by her receipt of the DTaP, Hep B, Hib, IPV, influenza and pneumococcal vaccines she received on December 1, 2010. Petition at ¶¶4-7.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

1

Respondent filed her Rule 4(c) report on November 27, 2013, stating that this case was not appropriate for compensation. Respondent stated that petitioner failed to provide preponderant evidence in support of the petition for compensation, and compensation under the Act for O.A.'s injuries must be denied.

On May 14, 2015, petitioner filed a motion for a dismissal decision. In the motion, petitioner states that "[a]n investigation of the facts and science supporting his case has demonstrated to Petitioner that they will be unable to prove that O.A., is entitled to compensation in the Vaccine Program." Motion at 1. Petitioner states that he understands that a decision by the Special Master will result in a judgment against him, and that such a judgment will end all rights in the Vaccine Program. Id. Respondent has no objection to petitioner's motion.[2]

To receive compensation under the Vaccine Act, petitioner must prove either 1) that O.A. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that O.A. suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that O.A. suffered a "Table Injury", nor does petitioner allege that O.A. suffered a Table injury. Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that O.A.'s injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioner, however, has not offered a medical expert opinion.

Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[2] Respondent was contacted on May 14, 2015, via email by the undersigned's law clerk, and respondent confirmed that she has no objection to the special master issuing a decision dismissing the petition.